# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# BEAUMONT DIVISION

| | | |
|---|---|---|
| KIONTE TAYON HAWKINS | § | |
| VS. | § | CIVIL ACTION NO. 1:19-CV-182 |
| UNITED STATES OF AMERICA | § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Movant Kionte Tayon Hawkins, a federal prisoner, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.

The Motion was referred to the magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background and Prior Proceedings

On January 10, 2018, Movant was charged in a four-count First Superseding Indictment with: conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (Count 1); Hobbs Act Robbery (Count 2); using, carrying, and brandishing a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c) (Count 3); and possession of a firearm by a prohibited person, in violation of 18 U.S.C. § 922(g)(1) (Count 4). On January 23, 2018, Movant pleaded guilty to Count 1 of the indictment pursuant to a written plea agreement. As part of the plea agreement, the parties stipulated that Movant would be sentenced to a term of imprisonment of 120 months. On June 19, 2018, Movant was sentenced to 120 months of imprisonment and 3 years of supervised release. Movant did not appeal the judgment.

## The Motion

Movant contends his attorney provided ineffective assistance of counsel by failing to: (1) object to the enhancements to Movant's sentencing guideline range; (2) consult with Petitioner regarding an appeal; and (3) argue there was no proof of federal jurisdiction. Movant contends that his guilty plea was involuntary because he received ineffective assistance of counsel.

## Standard of Review

Title 28 U.S.C. § 2255 permits the district court, in certain instances, to vacate a judgment and release or resentence the prisoner, grant the prisoner a new trial, or otherwise correct the sentence. The statute provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Following a conviction and exhaustion of the right to direct appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228 (5th Cir. 1991) (en banc). Thus, relief under § 2255 is reserved for violations of constitutional rights and for a narrow range of errors that could not have been raised on direct appeal and would result in a complete miscarriage of justice if allowed to go uncorrected. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Even if the movant alleges an error of constitutional magnitude, he generally may not raise the issue for the first time on collateral review without showing cause for the procedural default and actual prejudice resulting from the error. *Shaid*, 937 F.2d at 232. However,

claims based on ineffective assistance of counsel may be raised for the first time in a collateral proceeding, whether or not the issue could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 509 (2003).

## Analysis

*I. Ineffective Assistance of Counsel*

In order to establish ineffective assistance of counsel, Movant must prove counsel's performance was deficient, and the deficient performance prejudiced movant's defense. *Strickland v. Washington*, 466 U.S. 668, 689-92 (1984). Because Movant must prove both deficient performance and prejudice, failure to prove either will be fatal to his claim. *Johnson v. Scott*, 68 F.3d 106, 109 (5th Cir. 1995).

Judicial scrutiny of counsel's performance is highly deferential. *Strickland*, 466 U.S. at 689. As a result, there is a strong presumption that counsel rendered reasonable, professional assistance, and that the challenged conduct was the result of a reasoned trial strategy. *Id.*; *United States v. Fields*, 565 F.3d 290, 294 (5th Cir. 2009). To overcome the presumption that counsel provided reasonably effective assistance, Movant must prove his attorney's performance was objectively unreasonable in light of the facts of Movant's case, viewed as of the time of the attorney's conduct. *Strickland*, 466 U.S. at 689-90; *Fields*, 565 F.3d at 294.

In addition to proving counsel's performance was deficient, Movant is required to show prejudice resulting from counsel's inadequate performance. *Strickland*, 466 U.S. at 691-92. Movant must establish "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Mere allegations of prejudice are insufficient;

3

movant must affirmatively prove, by a preponderance of the evidence, that he was prejudiced as a result of counsel's deficient performance. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In the context of a guilty plea, Movant must show a reasonable probability that, but for counsel's deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

### A. Relevant Conduct

The Presentence Report reflects that Movant's base offense level for Count 1 was 20. Movant received a 7-point enhancement for discharge of a firearm and a 4-point enhancement because a victim of the offense sustained a serious bodily injury. Movant received a 3-level reduction for acceptance of responsibility. With a total offense level of 28 and a criminal history category of VI, Movant's guideline range was 140-175 months. Because the parties had stipulated to a 120-month term of imprisonment, Movant was sentenced to 120 months. Movant contends that his attorney should have objected to the offense level enhancements for relevant conduct.

Contrary to Movant's assertion, it was not error for the sentencing court to consider the discharge of a firearm and the injuries to the victim as relevant conduct for sentencing purposes. It is well-established that the district court may consider any information that has sufficient indicia of reliability. *United States v. Ramirez*, 271 F.3d 611, 612 (5th Cir. 2001); *see also United States v. Hinojosa*, 749 F.3d 407, 412 (5th Cir. 2014) (noting that relevant conduct determinations that increase the guidelines range do not have to be found by a jury). Counsel did not provide ineffective assistance of counsel by failing to file meritless objections. *See United States v. Gaudet,* 81 F.3d

585, 591 (5th Cir. 1996) (finding that counsel's failure to pursue an avenue of argument that has no validity or hope of success is not deficient performance).

### B. Jurisdiction

Movant argues that the federal district court lacked jurisdiction because the state had already determined that charges should not be brought against him. The state's decision not to prosecute potential violations of state law has no effect on the federal court's jurisdiction. Liberally construing Movant's factual allegations, it appears that Movant is claiming that Double Jeopardy barred the government from pursuing federal charges based on the same conduct. This claim lacks merit. Under the dual-sovereignty doctrine "an act of a defendant may be made a crime under both federal and state laws and the defendant may be punished by each sovereign for the same act without offending the Double Jeopardy Clause." *United States v. Patterson*, 809 F.2d 244, 247 (5th Cir. 1987) (citing *Abbate v. United States*, 359 U.S. 187, 195 (1959), and *United States v. Lanza*, 260 U.S. 377, 382 (1922)); *see also Gamble v. United States*, _ U.S. _ , 139 S. Ct. 1960, 1963 (2019) (declining to overrule the dual-sovereignty doctrine).

### C. Failure to File a Notice of Appeal

Movant contends that defense counsel provided ineffective assistance by failing to file a notice of appeal on Movant's behalf or to consult with Movant regarding an appeal.

A criminal defendant is entitled under the constitution to the effective assistance of counsel on a direct appeal as of right. *Evitts v. Lucey*, 469 U.S. 387 (1985); *Douglas v. California*, 372 U.S. 353 (1963). A defendant who explicitly tells his attorney not to appeal, cannot later complain that the attorney performed deficiently by following the defendant's instructions not to appeal the judgment. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). At the other end of the spectrum, where

counsel fails to file a notice of appeal despite the defendant's specific instructions to appeal, such failure constitutes ineffective assistance of counsel. *Id.* In such a case, the defendant is entitled to an appeal without showing that he would likely prevail on the merits of his claims. *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Tapp*, 491 F.3d 263, 265 (5th Cir. 2007) ("[T]he failure to file a requested NOA is *per se* ineffective assistance of counsel, with or without a showing that the appeal would have merit."). The presumption of prejudice applies even if the defendant waived his right to appeal. *Garza v. Idaho*, _ U.S. _ , 139 S. Ct. 738, 749 (2019).

Where the defendant has not conveyed his wishes to counsel, as is the case here, the court must determine whether counsel consulted with the defendant about an appeal. *Flores-Ortega*, 528 U.S. at 478. If counsel did not consult with the defendant by advising the defendant about the advantages and disadvantages of appealing and making a reasonable effort to discover the defendant's wishes, then the court must determine whether counsel's failure to consult with the defendant itself constitutes deficient performance. *Id*. "[C]ounsel has a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal. . . , or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id*. at 480. In making this determination, the court must consider all the information counsel knew or should have known. *Id.*

Movant states that defense counsel did not consult with him regarding an appeal. Thus, the court must determine whether defense counsel's failure to consult with Movant regarding an appeal falls below an objective standard of reasonableness. In making this determination, it is highly relevant, although not dispositive, that Movant pleaded guilty. *Id*. The court must consider all other

relevant factors, including whether Movant received the bargained-for sentence and whether the plea reserved or waived appellate rights. *Id*.

Movant reserved his right to appeal the district court's failure to impose a sentence in accordance with the terms of the plea agreement, and his right to seek review of a claim of ineffective assistance of counsel. In this case, Movant received the bargained-for sentence of 120 months of imprisonment, which was below the guideline range of 140-175 months calculated in the Presentence Report and substantially lower than his potential sentence exposure of 220 months if he had gone to trial and been found guilty of each count. Movant states that he complained to defense counsel about the enhancements and wanted to file objections to the Presentence Report, but those complaints would not have put defense counsel on notice that Movant wanted to appeal because the enhancements did not affect his sentence. Within three months after the sentence was imposed, Petitioner filed a *pro se* motion complaining about his conviction and sentence, but he never mentioned that he wanted to appeal the judgment. There is nothing in the record suggesting that Movant demonstrated to counsel that he was interested in pursuing an appeal. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (holding that conclusory allegations are insufficient to raise a constitutional issue). Further, there was no reason for counsel to believe that a rational defendant would want to appeal under these circumstances. Therefore, he is not entitled to relief.

II. *Voluntariness of Plea*

Movant contends his guilty plea was involuntary and unknowing due to the ineffective assistance of his counsel. A guilty plea must be made knowingly, voluntarily, and intelligently to be constitutionally valid. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). When determining whether a plea is voluntary, the court considers all relevant circumstances, including

whether the defendant: (1) had notice of the charges against him; (2) understood the constitutional protections he was waiving; and (3) had access to competent counsel. *Id*. A defendant ordinarily may not refute his sworn testimony given at a plea hearing while under oath. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Declarations made under oath in open court carry a strong presumption of truth, forming a formidable barrier to relief in any subsequent collateral proceedings. *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

At the plea hearing, the magistrate judge summarized the terms of the plea agreement, previously signed by Movant and his attorney. In response to the magistrate judge's questions, Movant stated under oath that he understood the charge against him and the terms of the plea agreement. Movant stated that there were no promises to him that were not in the plea agreement. The magistrate judge advised Movant of his sentence exposure, including that the maximum sentence was 20 years. Movant stated that he understood the range of punishment, how the sentencing guidelines might apply to his case, and that he had a agreed to a specific prison sentence. Movant testified that he had entered into the agreement knowingly and voluntarily, and that he understood the rights he was waiving by pleading guilty.

After reviewing the record, it is clear that Movant's guilty plea was knowing and voluntary. Movant is not entitled to relief on this ground.

## Recommendation

The Motion to Vacate, Set Aside or Correct Sentence should be denied.

Objections

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court, except on grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 30th day of August, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE